JEHU BENNETT, p. b. app't. *vs.* THOMAS R. MOORE, d. b. resp't.

The assignee of a judgment note has recourse, if he use diligence against the maker. Suit must be brought promptly ; unless the maker be notoriously insolvent.

APPEAL from the judgment of a justice of the peace. Narr in assumpsit, on the usual counts.

This was an action of assumpsit by the assignee of a judgment note against the obligor, the maker having failed to pay it. The note was executed under seal by Joshua H. Irons to Thomas R. Moore, on the 13th of September, 1848, for $40, with power of attorney to enter judgment, and stay of execution for six months. The note was assigned on the day it was executed, by Thomas R. Moore to Jehu Bennett, who caused judgment to be entered on the 12th of January, 1850. Joshua H. Irons died insolvent on the 15th of January, 1850; but was solvent as late as October, 1849.

The question was, whether the assignee had any recourse against the assignors.

*By the Court.*—A case is found in *Wilson's Red Book* to the effect that assumpsit will lie by the assignee against the assignor of a bond or note; on the principle that the assignment is a guaranty of the debt by the assignor, provided the assignee use due diligence in the collection of the money. It has long been held that such diligence required the assignee of a bond to commence suit to the next term after the bond fell due. An exception to the requirement of prompt suit, is where the obligor or maker is openly and notoriously insolvent. In that case, on the principle that the want of funds at the place of payment excuses the presentment and notice there, the assignee is excused from suing. (2 *Harr. Rep.*, 28; 2 *Ibid*, 468.) The question of diligence is a question of law, and the case before the court is not one of such doubt upon the facts as would induce us to refer this question to the jury.

Judgment on this note might have been entered on the 13th of September, 1848, and execution might have issued thereon on the 13th of March, 1849. Joshua H. Irons lived until the 15th of January, 1850; and no proceeding was taken to collect the note, until a few days before his death, viz: the 12th of January, 1850. There is no proof of Irons' insolvency in March, 1849; on the contrary, it is proved that he was solvent as late as October, 1849.

Plaintiff nonsuited.

*McFee* and *Houston*, for plaintiff.
*Layton*, for defendant.